UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS § | |
| § | CRIM. NO. H-14-088 |
| AHMAD MANZOOR § | |

**PLEA AGREEMENT**

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas and Suzanne Elmilady, Assistant United States Attorney, and the defendant, **AHMAD MANZOOR**, and the defendant's counsel, Tom Berg pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1.   The defendant agrees to plead guilty to **Count One of the Indictment**. **Count One** charges the defendant with Conspiracy to Transport Stolen Merchandise in Interstate Commerce - 18 United States Code, Section 371.   The defendant, by entering this plea agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt and is knowingly waiving the right to have

1

those facts presented to a jury.

## Punishment Range

2.	The statutory penalty for a violation of Title 18, United States Code, Section 371 is imprisonment for a maximum of up to five (5) years in prison and a fine of not more than $250,000.00. Additionally, the defendant may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, U.S.C. §§ 3559(a) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a) and 3583(b)(2). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.	Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal

4.　Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding. In the event the Defendant files a notice of appeal following the imposition of the sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

5.　In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate did not induce his guilty plea and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant

will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

7. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(b) If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

## Agreement Binding - Southern District of Texas Only

8. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

- (a) to bring its version of the facts of this case and relevant conduct, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

- (b) to set forth or dispute sentencing factors or facts material to sentencing;

- (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

- (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and

- (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

11. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.

Defendant understands that the rights of a defendant include the following:

    (a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

    (b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

    (c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

## Immigration Consequences

12. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

**AHMAD MANZOOR** is the owner of M&Z Candy, a business located in Bayonne, New Jersey. **MANZOOR** is a "second level fence" who buys stolen formulas from "fences" for resale to others.

Abel Garcia Tepozatlan, co-conspirator, is a Mexican National who is illegally in the United States. Tepozatlan Organized "booster" crews to steal infant formulas from Wal-Marts, HEB, Krogers, Winn Dixie and others. Tepozatlan would then sell the stolen infant formulas to "fences".

A "booster" is a person who steals goods and merchandise, specifically, but not limited to over-the-counter medication (OTC) from retail stores. OTC is medicine that does not require a prescription and includes non-prescription personal hygiene products that can be readily sold in a secondary market. OTC includes but is not limited to Prilosec, Zantac, Claritin, and Mucinex. A "booster" often re-sell the stolen merchandise to a "fence" at a fraction of the retail value. "Boosters" also steal dry infant formulas from stores and then sale to "fences." A "fence" is a person who

receives stolen goods and merchandise from "boosters" and others in order to re-sell it for profit. The "fence" re-sells the stolen goods and merchandise to third parties.

Abbott Nutrition and Mead Johnson Nutrition are the largest manufacturer of infant formulas in the United State and have confirmed that there is no legitimate secondary market for infant formulas. These two manufacturers only sell to retailers. Mead Johnson will buy back product from their customers for such things as damaged containers, order overruns, or overstock. However, all product which is returned is used as animal feed and is not again sold for human consumption. The average retail price of dry infant formula is $1.00 per ounce.

Sam Khalid Danhach was a "fence" who owned and operated Lifetime Wholesales, SKD and Universal Wholesales at 8181 Commerce Park Drive, Suite 718, Houston, Texas. Alex Kheir and Wassim Elsaleh were "fences" who owned and operated Payless Wholesale and Discount wholesale at 3612 Mangum #106, Houston, Texas. **MANZOOR** is the owner of M&Z Candy, a business located in Bayonne, New Jersey and buys stolen formulas from Danhach, Kheir and Elsaleh.

Business records and shipping invoices revealed between August 1, 2011 and January 15, 2012, Tepozatlan supplied stolen infant formulas valued at approximately $1,232,784 to Sam Khalid Danhach, who sorted, repackaged, palletized, sold and shipped the stolen infant formulas to **MANZOOR** at M&Z

Candy in New Bayonne, New Jersey. **MANZOOR** received and stolen infant formulas and paid for the stolen infant formulas by wire transfers.

Business records and shipping invoices revealed between June 28, 2012 and February 14, 2013, Tepozatlan supplied stolen infant formulas valued at $1,080,183 to Kheir and Elsaleh, who sorted, repackaged, palletized, sold and shipped the stolen infant formulas to **MANZOOR** at M&Z Candy in New Bayonne, New Jersey. **MANZOOR** received and stolen formulas and paid for the stolen formulas by wire transfers.

### Breach of Plea Agreement

14. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

15. Whether the defendant has breached any provision of this plea

agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Restitution, Forfeiture, and Fines

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within fourteen (14) days of the date Defendant signs this Plea Agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to

forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19.	Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20.	Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $1,846,972.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).  Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.  Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

21.     Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $1,846,972 against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him and in favor of the United States of America.  Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, § 853(p) exists.   Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

22.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Rule 32.2(b)(4)(A), FED.R.CRIM.P.

24.     Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25.     Defendant understands that under the Sentencing Guidelines the Court

is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

26.  This written plea agreement, consisting of 16 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

27.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on __12 September__, 2014.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By _____
SUZANNE ELMILADY
Assistant United States Attorney
Southern District of Texas
Telephone: (713) 567-9000

_____          _____
Tom Berg                                                          AHMAD MANZOOR
Attorney for Defendant                                     Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS | § § | CRIM. NO. H-14-088 |
| AHMAD MANZOOR | § § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     9/12/14
Tom Berg                             Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     9/12/14
AHMAD MANZOOR                        Date
Defendant

16